UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICKY HERBERT ASHER, )<br>)<br>Defendant. ) | No. 6:09-CR-22-GFVT-HAI-1<br><br>RECOMMENDED DISPOSITION |

*** *** *** ***

The Court, on referral, considers reported violations of supervised release conditions by Defendant Ricky Herbert Asher. District Judge Van Tatenhove entered a judgment against Defendant on November 12, 2009, for possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana. D.E. 22. Defendant was sentenced to fifty-seven months of imprisonment on both counts, to be served concurrently, and to be followed by forty-eight months of supervised release. *Id.* at 2-3. Defendant began his term of supervised release on May 28, 2013.

On December 23, 2015, the United States Probation Office ("the USPO") issued a Supervised Release Violation Report ("the Report"). First, the Report charges, in Violation #1, a violation of the condition requiring Defendant to refrain from committing another federal, state or local crime. Specifically, the Report alleges that, on December 22, 2015, the USPO learned that Defendant was recently convicted of a misdemeanor crime in Laurel County, Kentucky, specifically theft by unlawful taking under $500. The Report alleges that, on November 11, 2015, Defendant stole an electronic cigarette valued at approximately $80.00. Defendant was sentenced in state court to 30 days jail, 30 days conditionally discharged for two years, and was ordered to pay $184 in court costs, a $100 fine, and $80 restitution. This is a Grade C violation.

Second, in Violation #2, the Report charges Defendant with a violation of Standard Condition #11, which requires Defendant to "notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." The Report alleges that, as of December 23, 2015, Defendant had failed to notify the USPO of this arrest and conviction. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on January 14, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 32. At the initial appearance, the United States made an oral motion for interim detention, and Defendant requested release. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on January 21, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 36. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for both violations as described in the Report. The United States thus established both violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana, which are Class C felonies. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841; 18 U.S.C. § 3559. For a Class C felony,

the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect to both Violations #1 and #2. Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade C violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is four to ten months.

      In response to Defendant's stipulation, the United States recommended revocation with a term of imprisonment of six months to be followed by three years of supervised release. In support of this recommendation, the United States argued that the facts of Defendant's underlying conviction were very serious. The United States asserted that Defendant's possession of multiple firearms while being involved in the manufacture of marijuana posed a significant threat to the public. Further, the United States argued that Defendant's violative conduct represented two separate breaches of the Court's trust, and therefore warranted a term of imprisonment. However, the United States did not believe that a term of imprisonment in the

middle of the Guidelines is necessary because Defendant's conduct was not related to the type of conduct involved in his underlying conviction. Thus, the United States argued that revocation and a term of imprisonment of six months is appropriate.

Defense counsel recommended that Defendant's conditions of supervision be modified to include a term of home incarceration and that Defendant's term of supervised release remain the same. In support of this recommendation, defense counsel asserted that Defendant had admitted that his conduct was wrong, and accepted responsibility for his actions. Moreover, defense counsel stated that Defendant had been compliant while on supervised release for two-and-a-half years up until these violations. He asserted that Defendant's conduct was not related to any drug use or trafficking, and that Defendant had passed every drug test given while on supervised release. Thus, defense counsel believed that home incarceration would serve to protect the public from any danger from Defendant, and provide the correct penalty for conduct that he believed was appropriately punished in state court.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The combination of growing marijuana and possession of several firearms by a convicted felon inherently creates a significant risk of danger. This factor favors imprisonment.

Next, the Court considers Defendant's history and characteristics and the strong need to deter criminal conduct and protect the public. Defendant's history includes a significant criminal

record with two prior felony convictions related to drugs. While his conduct here is not related to drug use or trafficking in drugs, it is troubling to the Court that Defendant returned to criminal activity while on supervision. Defendant must learn to conform his actions to the law or he faces increasing terms of imprisonment for criminal conduct. Thus, a term of imprisonment is necessary to deter criminal conduct and protect the public.

The Court reminds Defendant that the Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct here represents two significant breaches of the Court's trust. First, by committing a criminal act while on supervision, Defendant has shown a serious disregard for the conditions of his release. One of the most concerning breaches of the Court's trust occurs when a new crime is committed, especially a crime with an identifiable victim. The Court trusted Defendant on supervision to conform his conduct to the standards of society, and he has failed to do so. Second, Defendant's failure to report his arrest and conviction to the USPO is troubling. This deceptive course of conduct not only violated his conditions of supervision, but also indicates a lack of respect for the purposes of supervised release. Thus, a term of imprisonment is warranted.

Ultimately, a sentence of five months is in the Guidelines Range and, for the reasons stated above, the Court finds is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range. The lesser sentence proposed by the defense would create such a disparity and fails to address the seriousness of a new crime, even a misdemeanor, being committed by Defendant while on supervised release.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 21 U.S.C. §§ 841(b)(1)(D) and 3583(h), there is no maximum period of time that Defendant can be placed on supervised release following revocation. The Court believes that an additional term of supervised release will be productive for Defendant. Defendant has shown that he has the ability to do well on release, and to remain in compliance with the terms of his supervision. But, he needs to commit to do so. The Court believes that a term of supervised release of thirty months, the amount of supervised release completed by Defendant before these violations, will help Defendant develop into a productive member of society.

Based on the foregoing, the Court **RECOMMENDS**:

    1.    Revocation with a term of imprisonment of five months; and

      2.     A term of supervised release of thirty months, under the conditions previously imposed at Docket Entry 22.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 25th day of January, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge