UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 09-22-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| RICKY HERBERT ASHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Magistrate Judge Hanly A. Ingram's recommended disposition in the above-referenced matter. [R. 37.] Defendant Ricky Herbert Asher is charged with violating supervised release conditions prohibiting (1) the commission of another federal, state, or local crime and (2) the failure to notify his probation officer within 72 hours of being arrested or questioned by law enforcement. [*Id.* at 1-2.] The record shows that Asher was arrested for the misdemeanor theft of an electronic cigarette in November 2014, and did not inform his probation officer of the arrest. [*Id.*]

In his recommended disposition, Judge Ingram "evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District." [*Id.* at 2.] The Magistrate also properly considered all of the § 3553 factors incorporated into the section § 3583(e) analysis. The judge first noted that that the "nature and circumstances" underlying Asher's conviction were "very serious," and "[t]he combination of growing marijuana and possession of several firearms by a convicted felon inherently creates a

significant risk of danger." [*Id.* at 4.] The Magistrate also noted that Asher's history "includes a significant criminal record with two prior felony convictions related to drugs," and concluded that "a term of imprisonment is necessary to deter criminal conduct and protect the public." [*Id.* at 4-5.] Finally, the court found that Asher's "failure to report his arrest and conviction is troubling," and this "deceptive course of conduct not only violated his conditions of release, but also indicates a lack of respect for the purposes of supervised release." [*Id.* at 5.] For this reason, too, the Magistrate found that "a term of imprisonment is warranted." [*Id.*] The Magistrate ultimately determined that a sentence of five months imprisonment "is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis." [*Id.* at 6.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Magistrate Judge Ingram's recommended disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Recommended Disposition [**R. 37**] as to Defendant Ricky Herbert Asher is **ADOPTED** as and for the Opinion of the Court;

2. Asher is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Asher's Supervised Release is **REVOKED**;

4. Asher is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **five (5) months** with a term of supervised release of **thirty (30) months** to follow, on the same terms previously imposed at DE 22; and

5. Judgment shall be entered promptly.

This 4th day of March, 2016.

Gregory F. Van Tatenhove
United States District Judge