UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>) No. 6:09-CR-22-GFVT-HAI-1<br>v. )<br>) RECOMMENDED DISPOSITION<br>RICKY HERBERT ASHER, )<br>)<br>  Defendant. )<br>) | |

*** *** *** ***

The Court, on referral, considers reported violations of supervised release conditions by Defendant Ricky Herbert Asher. District Judge Van Tatenhove entered a judgment against Defendant on November 12, 2009, for possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana. D.E. 22. Defendant was sentenced to fifty-seven months of imprisonment on both counts, to be served concurrently, and to be followed by forty-eight months of supervised release. Id. at 2-3. Defendant began his term of supervised release on May 28, 2013. The Defendant violated his conditions of release and was re-arrested on January 13, 2016. D.E. 33. The Defendant stipulated to an arrest and conviction under state law for a misdemeanor theft crime and failing to notify the United States Probation Office ("USPO") of this arrest and conviction, and was sentenced to five months incarceration with supervised release of thirty months to follow. D.E. 39. He began his second term of supervised release on June 10, 2016.

I.

On September 23, 2016, the USPO issued a Supervised Release Violation Report ("the Report"). The Report charges, in Violation #1, a violation of the condition requiring Defendant

to refrain from committing another federal, state or local crime. Specifically, the Report alleges that Defendant was recently arrested in Clay County, Kentucky for the misdemeanor crime of disorderly conduct in the first degree. The Report alleges that, on September 22, 2016, Defendant "entered Big Creek Elementary School with the intent to cause alarm by yelling and cussing at the principal, a teacher, and school children." This is a Grade C violation.

## II.

The Court conducted an initial appearance and preliminary hearing pursuant to Rule 32.1 on October 13, 2016. D.E. 45. During the preliminary hearing, USPO Armstrong testified that he supervises Defendant and became aware, through a routine records check, that Defendant had been arrested for disorderly conduct in the first degree pursuant to KRS 525.055. *Id*. Officer Armstrong testified that his knowledge of the incident stemmed from discussions with the Kentucky officer who charged Defendant and whose knowledge was based on information obtained from school officials. *Id*. On cross-examination, defense counsel revealed that Defendant's son was being bullied, and that the charging officer did not see the incident but it was captured on school surveillance video. *Id*. Based on this testimony, the Court found probable cause[1] and that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*. The Court later

---

[1] Kentucky law recognizes two degrees of disorderly conduct. Disorderly conduct occurs when a person "in a public place and with intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk thereof. . . engages in fighting or in violent [behavior]; [m]akes unreasonable noise; or [c]reates a hazardous or physically offensive condition. . . ." KY. REV. STAT. § 525.060. If such conduct occurs "within three hundred (300) feet of a" funeral or memorial service or a place where such service is occurring, the offense is disorderly conduct in the first degree. *Id*. at § 525.055. Conversely, disorderly conduct in the second degree consists of the above described conduct without proximity to a funeral or memorial service. *Id*. at § 525.060. Here, probable cause existed to believe that Defendant committed disorderly conduct in the second degree despite the fact that he was charged in state court with first-degree disorderly conduct.

held a hearing and issued a subpoena to Big Creek Elementary School to obtain video footage of the incident after proper notice was given to the victims. D.E. 52.

At the final hearing on October 27, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 36. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violation. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation. The United States thus established the violation under the standard of section 3583(e). 18 U.S.C. § 3583.

The parties agreed as to the sentence to be imposed, and the government announced the agreed upon recommendation of revocation with one month of incarceration, plus continuation of Defendant's current term of supervised release with the added conditions that Defendant have no contact with any persons involved at the incident at Big Creek Elementary School and that he stay off of the school's grounds.

### III.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana, which are Class C felonies. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841; 18 U.S.C. § 3559. For a class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of

original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violation. Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade C violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is four to ten months.

The United States argued that revocation with one month of incarceration and continuation of supervised release with added conditions, which sentence is well below the Guidelines Range, was warranted by Defendant's unusual situation and would address the specific harm of the violation. Although Defendant's admitted conduct did not conform to the description of events in the Report, his actions still constituted second-degree disorderly conduct as he encouraged his minor son to punch another child, and this is unacceptable in today's society. The government distinguished Defendant's present violation from his past violation of theft by emphasizing that Defendant's intent is especially mitigating under these circumstances. Even though Defendant's actions were criminal, the government argued that his intention to protect his child aligns with the mindset the supervised release setting is designed to encourage.

Counsel for Defendant agreed with the announced recommendation and noted that, while Defendant's intentions were to protect his child and family values, his execution of this goal was

4

unacceptable. Additionally, counsel argued that the video did not show any aggravating circumstances, and therefore, the below-guidelines sentence with the added conditions of supervised release is warranted.

Defendant addressed the Court and expressed that he agreed with the recommended sentence.

## IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The combination of growing marijuana and possession of several firearms by a convicted felon inherently creates a significant risk of danger. This factor favors imprisonment.

Next, the Court considers Defendant's history and characteristics and the strong need to deter criminal conduct and protect the public. Defendant's history includes a significant criminal record with two prior felony convictions related to drugs. While his conduct here is not drug-related, Defendant's current conduct and his previous supervised release violation create concern that Defendant has too much free time on his hands and does not think before he acts. Defendant must learn to think about the consequences of his actions and actively choose to pursue the right course when faced with a difficult situation or life choice. Defendant's intention to protect his child is mitigating, but because he is a parent, his children are always watching, and encouraging violence sets a bad example.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's conduct is unacceptable and indicates that he has not learned to contemplate the consequences of his choices. A term of incarceration is warranted.

A one-month sentence is below the Guidelines Range. Here, the below-Guidelines penalty is justified by two mitigating factors: Defendant's intention to protect his child and the fact that the consequences of Defendant's actions were not particularly severe under the circumstances. *See Johnson*, 640 F.3d at 205-06 (explaining that courts must give specific reasons for deviating from the Guidelines Range and ensure that the extent of the deviation is justified); 18 U.S.C. § 3553(c)(2). Additionally, the Court believes that one month of incarceration, and the continuation of Defendant's supervised release to follow with added conditions, is adequate to deter similar future conduct, protect the public and address the breach of the trust that has occurred. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18

U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(D). Accordingly and for the reasons stated above, the Court will recommend that supervised release be re-imposed so as to be completed when his initial term of supervised release was set to expire (December 9, 2018), with certain modified conditions described below. In particular, Defendant needs to focus on obtaining employment so as to reduce the amount of free time during which he is prone to violate.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of one month of imprisonment, with release to occur on Friday, November 11, 2016;

2. Supervised release to expire on December 9, 2018, under the same conditions previously imposed (D.E. 22), with the added conditions that

> (1) Defendant have no contact with any persons involved at the incident at Big Creek Elementary School;
>
> (2) Defendant stay away from and off of the Big Creek Elementary School grounds; and
>
> (3) Defendant call the USPO once a week for a term of two months to report to Officer Armstrong his efforts at securing employment.[2]

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk.

---

[2] If Defendant discovers that applying for employment will legally harm his pending workers' compensation case, defense counsel shall file a motion with this Court, and the matter will be scheduled for hearing.

Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). **THE PARTIES SHALL TAKE NOTICE OF THE SHORTENED OBJECTIONS PERIOD DESCRIBED HEREIN.** Recognizing that Defendant was arrested on October 12, 2016, and that, to be effective, the sentence recommended herein must be considered promptly by the presiding District Judge, pursuant to Rule 59(b)(2) which allows for a shortened objections period, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court on or before **November 3, 2016**. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 31st day of October, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge