UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | No. 6:09-CR-22-GFVT-HAI-1 |
| v.                          ) | |
|                             ) | RECOMMENDED DISPOSITION |
| RICKY HERBERT ASHER,        ) | |
|                             ) | |
|     Defendant.              ) | |
|                             ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 60), considers reported violations of supervised release conditions by Defendant Ricky Herbert Asher. District Judge Van Tatenhove entered a judgment against Defendant on November 5, 2009, for possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana. D.E. 22. Defendant was sentenced to fifty-seven months of imprisonment on both counts, to be served concurrently, followed by forty-eight months of supervised release. *Id*. at 2-3.

Defendant began his initial term of supervised release on May 28, 2013. He violated his conditions of release and was re-arrested on January 13, 2016. D.E. 33. Defendant stipulated to an arrest and conviction under state law for a misdemeanor theft crime and failing to notify the United States Probation Office ("USPO") of this arrest and conviction, and was sentenced to five months incarceration with supervised release for thirty months to follow. D.E. 39. He began his second term of supervised release on June 10, 2016.

Defendant violated the conditions of his supervised release a second time and was re-arrested on October 12, 2016. D.E. 50. He stipulated to engaging in disorderly conduct under state law, and was sentenced to one month of incarceration with supervised release until

December 9, 2018, with special added conditions. D.E. 58. He began his third term of supervised release on November 11, 2016.

## I.

On January 5, 2017, the USPO issued a Supervised Release Violation Report ("the Report"). The Report charges, in Violation #1, a violation of the condition requiring Defendant to refrain from any unlawful use of a controlled substance. Specifically, the Report alleges that, on December 14, 2016, USPO Armstrong visited Defendant at his home and collected a urine sample for drug testing. On January 3, 2017, the test returned a positive result for amphetamine and methamphetamine. This is a Grade C Violation.

In Violation #2, the Report charges a violation of the conditions requiring Defendant "not to commit another federal, state, or local crime" and "not [to] unlawfully possess a controlled substance." Specifically, the Report alleges that, given the Sixth Circuit's ruling "that use is the equivalent of possession, simple possession of methamphetamine constitutes conduct in violation of 18 U.S.C. § 844(a), a Class E Felony." This is a Grade B violation.

## II.

On January 17, 2017, Defendant appeared before the Court for a status conference regarding his compliance with the conditions of his supervised release. D.E. 59. However, on January 12, 2017, an Order signed by District Judge Van Tatenhove was entered for an arrest warrant to issue based on the violations charged in the Report. D.E. 60. Accordingly, the Court conducted an initial appearance and preliminary hearing pursuant to Rule 32.1, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 62. Defendant argued for release, but the Court found that detention was

appropriate as he did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*.

At the final hearing on January 23, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 36. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations. The United States thus established the violations under the standard of section 3583(e).

The parties did not agree as to the sentence to be imposed. The government argued for revocation with twelve months of imprisonment, followed by two years of supervised release. Defendant argued for revocation with eight months of imprisonment, followed by two years of supervised release.

### III.

The Court has evaluated the entire record, the Report and accompanying documents, the record concerning the prior revocations, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to possession of a firearm by a convicted felon and manufacturing less than 50 plants of marijuana, which are Class C felonies. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841; 18 U.S.C. § 3559. For a class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at

the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct in Violation #1 would qualify as Grade C violation while his admitted conduct in Violation #2 would qualify as a Grade B violation. Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is six to twelve months.

The United States argued for revocation with twelve months of imprisonment, with two years of supervised release to follow. In support of this recommendation, the government emphasized Defendant's troubling history on supervised release. Defendant has committed multiple supervised release violations in one year, and his violation conduct has escalated to the use of a dangerous controlled substance. Further, the government discussed the seriousness of Defendant's underlying conviction and stated that the use of methamphetamine, prior usage of which was not reported in his PSR, aggravates the current violation. The government argued that there is a strong need to deter criminal conduct and protect the public, and that an incremental increase in the term of imprisonment imposed for this violation from the terms previously imposed is appropriate.

Counsel for Defendant argued for revocation with eight months of imprisonment, with two years of supervised release to follow. In support of this recommendation, defense counsel argued that Defendant's previous violations were for minor criminal conduct and do not compare to the more serious offenses the Court sees every day. Defense counsel emphasized that Defendant has already served a total of six months on the previous violations, and an eight month sentence would be an incremental increase but would not be more excessive than necessary to address Defendant's current breach of the Court's trust. Additionally, defense counsel noted that Defendant is distraught by the thought of a lengthy term of incarceration because he will be leaving his wife and kids behind, and stated that an eight month sentence would be adequate to deter future criminal conduct and protect the public.

Defendant personally apologized to the Court, the USPO, the government, and his family, and admitted that he made a mistake.

### IV.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was convicted of growing marijuana and of being a felon in possession of several firearms.

These offenses inherently create a significant risk of danger and must be taken seriously given Defendant's criminal history category and propensity to engage in criminal behavior.

Next, the Court considers Defendant's history and characteristics and the need to deter criminal conduct and protect the public. Defendant's criminal history includes a significant record with two prior felony convictions related to drugs. Additionally, Defendant's history on supervised release is troubling. Defendant has previously been revoked twice for criminal conduct, and the instant violation involves the use of methamphetamine, a drug Defendant did not report using in his PSR. When Defendant uses drugs, he endangers his own safety and the safety of his family and the community, and enables the upstream manufacture of methamphetamine. Accordingly, there is a strong need to deter criminal conduct and protect the public.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has committed another serious breach of the Court's trust after being shown leniency for his last violation. A significant term of incarceration is warranted because Defendant continues to engage in criminal behavior despite being on supervised release.

A twelve-month sentence is at the top of the Guidelines Range. The Court recognizes

6

that Defendant faces challenges in managing his recurrent back pain resulting from an on-the-job back injury. However, he cannot be permitted to engage in self-medication. Defendant is strong and intelligent, but must put aside his stubbornness and become committed to compliance while on supervised release. If Defendant fails to do this, he will face more severe penalties. For the reasons stated above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(a)(1). Both sides recognize that a significant term of supervision is needed. Accordingly and for the reasons stated above, the Court will recommend that supervised release be re-imposed for a period of two years after Defendant's release from incarceration. In particular, Defendant needs to focus on strictly following all of the conditions of his supervised release.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of twelve months of imprisonment;

2. Supervised release to expire two years from the date of release under the conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 31st day of January, 2017.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge